UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NIKOLE M.,

                    Plaintiff,

        v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

Case No. C20-5724-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by improperly evaluating medical evidence. (Dkt. # 12.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## II.    BACKGROUND

Plaintiff was born in 1989 and has a GED. AR at 29. Plaintiff applied for benefits on March 23, 2016, later alleging disability as of July 25, 2016. *Id.* at 16. Plaintiff's application was denied initially and on reconsideration. The ALJ held a hearing in October 2018, taking testimony from Plaintiff and a vocational expert. *See id.* at 39-99. The ALJ held a supplemental

hearing in May 2019. *See id.* at 100-127. In July 2019, the ALJ issued a decision finding Plaintiff not disabled from July 25, 2016, through the date of the decision. *Id.* at 16-31. In relevant part, the ALJ found Plaintiff's severe impairments of post-traumatic stress disorder, bipolar disorder, fibromyalgia, lumbar spine degenerative disc disease and degenerative joint disease, and opioid dependence limited her to light work subject to a series of further limitations. *Id.* at 19, 23. Based on vocational expert testimony the ALJ found Plaintiff could perform light jobs that exist in significant numbers in the national economy. *Id.* at 29-30. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.    LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one

rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.    DISCUSSION

### A.  The ALJ Erred in Evaluating the Medical Evidence

Because Plaintiff filed her applications before March 27, 2017, the ALJ was required to

generally give a treating doctor's opinion greater weight than an examining doctor's opinion, and

an examining doctor's opinion greater weight than a non-examining doctor's opinion. *Garrison*

*v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion

of a treating or examining doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*,

874 F.3d 648, 654 (9th Cir. 2017). Plaintiff argues the ALJ misevaluated medical opinions

regarding her physical and mental impairments.

> *1.      The ALJ Erred by Discounting the Opinion of Treating Physician Belinda*
> *Lear, M.D.*

As Plaintiff's primary care physician, Dr. Lear treated, among other things, Plaintiff's

fibromyalgia. *See, e.g.*, AR at 796. Dr. Lear opined that Plaintiff has "[s]everely limited" lifting

and standing limitations, in that she is "[u]nable to lift at least 2 pounds or unable to stand or

walk" and has "significant time constraints from medical/psychiatric therapy" that impact her

ability to, among other things, keep appointments. *Id.* at 798. Dr. Lear also opined Plaintiff's

"medical conditions limit her ability to sit/stand/walk for long periods of time" and Plaintiff

"would not be able to lift/push/carry more than intermittent 5lbs." *Id.* at 782. The ALJ gave

"little weight" to Dr. Lear's opinions, finding them "not substantiated by the medical evidence of

record." *Id.* at 28. Specifically, the ALJ found Dr. Lear's opinion's inconsistent with "imaging

reports [that] show either normal or mild findings," a "normal" nerve conduction study,

1    "consistently normal strength and no assistive device," and "generally routine and conservative"

2    treatment. *Id*. The Court addresses each ground in turn.

3          First, the ALJ erroneously discounted Dr. Lear's opinion based on imaging results and a

4    nerve conduction study. Plaintiff suffers from fibromyalgia and the Ninth Circuit has made clear

5    that "mostly normal results" of imaging tests "are perfectly consistent with debilitating

6    fibromyalgia," *Revels*, 874 F.3d at 666, and that an ALJ errs "by effectively requiring objective

7    evidence for a disease that eludes such measurement," *Benecke v. Barnhart*, 379 F.3d 587, 594

8    (9th Cir. 2004) (cleaned up). Consistent with this precedent, the Court accordingly concludes the

9    ALJ erred in discounting Dr. Lear's opinion on this ground.

10         Next, the ALJ's findings that Plaintiff had "consistently normal strength and no assistive

11   device" are similarly inconsistent with Ninth Circuit precedent. *See Revels*, 874 F.3d at 666

12   (holding in the context of a fibromyalgia claimant, the ALJ's citation to "normal muscle strength,

13   tone, and stability, as well as a normal range of motion" was "erroneous"); *id.* at 663 ("A person

14   with fibromyalgia may have muscle strength, sensory functions and reflexes that are normal.")

15   (cleaned up). The Court accordingly concludes the ALJ erred in discounting Dr. Lear's opinion

16   on this ground.

17         Finally, the ALJ's finding that Plaintiff had "generally routine and conservative

18   treatment" is similarly foreclosed by Ninth Circuit precedent. *See Revels*, 874 F.3d at 667. Here,

19   as in *Revels*, Plaintiff received the course of treatment that is available for fibromyalgia patients:

20   medication. *See, e.g.*, AR at 995 (indicating Gabapentin and Cymbalta usage and cortisone

21   injection); *id.* at 70 (indicating Lyrica usage); *id.* at 1287 (indicating epidural steroid injection).

22   There is no evidence additional treatment is available for Plaintiff's fibromyalgia. The Court

23   accordingly concludes the ALJ erred in discounting Dr. Lear's opinion on this ground.

1

2
    2.  *The ALJ Erred in Assessing the Opinion of Treating Psychologist Kate*
       *Diamond, Ph.D.*

3
   Dr. Diamond began treating Plaintiff in early 2018 and opined in October 2018 that

4
Plaintiff had numerous marked and severe mental limitations. AR at 892-94. In April 2019, the

5
doctor opined Plaintiff should work no more than ten hours per week "to keep her stress [and]

6
anxiety levels at a manageable level, thereby reducing the comorbidity effect she normally

7
experiences with seizures, anxiety from PTSD, widely variating moods from mania [and]

8
depression and flare ups from fibromyalgia." *Id.* at 1277. The ALJ improperly rejected Dr.

9
Diamond's opinion as contradicted by the assessments of non-examining psychological

10
consultants Matthew Comrie, Psy.D. and Gary Nelson, Ph.D., *id.* at 28, who rendered their

11
opinions on November 11, 2016, and March 15, 2017, respectively, *see id.* at 157, 179. This is

12
not a reasonable basis to discount Dr. Diamond's opinion. The earlier opinions did not address

13
the treatment period in which Dr. Diamond treated Plaintiff and based her opinion, and therefore

14
are not opinions that could contradict Dr. Diamond's opinions. The Ninth Circuit has held

15
"[c]ycles of improvement and debilitating symptoms are a common occurrence" in the mental

16
health context. *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014). The earlier opinions do

17
not account for changes in Plaintiff's mental health between the time Drs. Comrie and Nelson

18
rendered their opinions and the subsequent period of time when Dr. Diamond began treating

19
Plaintiff. Dr. Diamond's opinion regarding the severity of Plaintiff's mental health symptoms

20
suggests Plaintiff's mental health worsened after the non-examining doctors assessed Plaintiff's

21
records. The ALJ's reliance on the earlier opinions thus fails and the Court concludes the ALJ

22
erred in discounting Dr. Diamond's opinion.

23

1

## V.     CONCLUSION

2    For the foregoing reasons, the Commissioner's final decision is REVERSED and this

3  case is REMANDED for further administrative proceedings under sentence four of 42 U.S.C.

4  § 405(g). On remand, the ALJ should reevaluate the medical opinions of Dr. Lear and Dr.

5  Diamond, develop the record and redetermine Plaintiff's RFC as necessary, and proceed to the

6  remaining steps as appropriate.

7    Dated this 31st day of March, 2021.

8

9  MICHELLE L. PETERSON
   United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23